**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN R. HARRIS, | : |
| | :    Civil Action No. 05-323 (RBK) |
|     Petitioner, | : |
| | : |
|     v. | :    **O P I N I O N** |
| | : |
| FEDERAL BUREAU OF PRISONS, | : |
| et al., | : |
| | : |
|     Respondents. | : |

**APPEARANCES:**

    JUSTIN R. HARRIS, Petitioner pro se
    # 39066-004
    F.C.I. Fort Dix
    P.O. Box 7000/West
    Fort Dix, New Jersey  08640

    CHRISTOPHER J. CHRISTIE, U.S. ATTORNEY
    IRENE E. DOWDY, AUSA
    402 East State Street, Room 430
    Trenton, New Jersey 08608
    Attorneys for Respondents

**KUGLER**, District Judge

    This matter comes before the Court upon pro se Petitioner, Justin R. Harris' ("Harris") letter application to amend his petition for a writ of habeas corpus under 28 U.S.C. § 2241, which sought a redetermination of his community corrections center ("CCC") placement date.  On October 6, 2005, this Court issued an Opinion and Order finding that the February 2005 regulations regarding the Federal Bureau of Prisons' ("BOP") categorical discretion in limiting an inmate's transitional CCC

placement to the final 10% (not to exceed six months) of the inmate's federal sentence are valid and denying the petition accordingly. The case was closed on October 11, 2005.

Harris filed his letter application on October 11, 2005. On December 15, 2005, the United States Court of Appeals for the Third Circuit held that the BOP's February 2005 regulations were invalid. Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). Therefore, this Court will re-open this case and construe petitioner's application as a motion for reconsideration.

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion for reconsideration and the writ will be granted in part.

## I. BACKGROUND

Harris is scheduled to be released from prison on August 22, 2006. He seeks an Order from this Court compelling the BOP to consider his placement in a CCC for at least the last six months of his sentence (or February 23, 2006), pursuant to 18 U.S.C. §§ 3621 and 3624(c), as interpreted by the BOP prior to December 2002.

The respondents filed a motion to dismiss the habeas petition as moot because the December 2002 policy, which Harris challenges in his petition, is no longer in effect. Respondent

also argued that Harris has no entitlement to consideration for a CCC placement prior to the last 10% of his sentence, pursuant to new BOP regulations, 28 C.F.R. §§ 570.20, 570.21, which became effective in February 2005.

On October 6, 2005, this Court found that the petition was not moot because Harris had amended his petition to include a challenge to the February 2005 regulations. However, the Court denied the writ, holding that the February 2005 regulations were valid. (October 6, 2005 Opinion and Order, Docket Entry Nos. 11 and 12).

On October 11, 2005, Harris filed a letter application for leave to file an amended brief in this matter, in particular, to address the February 2005 regulations. Notice of this motion was electronically mailed to the respondents' counsel. The case was closed the same day, pursuant to the Court's October 6, 2005 Order. Consequently, the motion remained outstanding. Respondents filed no objection or opposition to the motion, most likely because the case had been closed at the time the motion was filed.

On December 15, 2005, the Third Circuit held that the BOP regulations, which became effective in February 2005, are invalid. Therefore, in this Court's discretion, rather than deny Harris' outstanding motion to amend as moot, the Court will re-open the matter and liberally construe petitioner's request to

amend his challenge to the February 2005 regulations as a motion for reconsideration in light of the Woodall decision.

## II.   ANALYSIS

A.   Motion for Reconsideration

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact

4

or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g).

Here, there has been an intervening change in the law that plainly affects the judgment entered by this Court on October 6, 2005. Indeed, the Third Circuit's decision in Woodall is contrary to this Court's October 6, 2005 judgment that the February 2005 regulations were valid. Accordingly, the Court will grant the motion for reconsideration and re-open petitioner's case for reconsideration consistent with Woodall.

B.   The Writ Should Be Conditionally Granted

During the pendency of Harris' outstanding motion to amend his Petition, the Court of Appeals for the Third Circuit decided Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d. Cir. 2005). In Woodall, the Court of Appeals considered and rejected the validity of the February 14, 2005, regulations upon which the respondents relied in this case. Instead, the Third Circuit held that both initial placement decisions and pre-release transfer decisions must be individualized determinations based upon the factors enumerated in § 3621(b).

> In sum, individual determinations are required by § 3621(b). ... While the BOP may exercise considerable discretion, it must do so using the factors the Congress has specifically enumerated.
>
> ...
>
> The dissent argues that the § 3621(b) factors need not be considered by the BOP until an inmate transfer is "actually considered." We disagree. ...
>
> ... The statute as a whole, if it is to have practical effect, indicates that the factors enumerated must be considered in making determinations regarding where to initially place an inmate, as well as whether <u>or</u> <u>not</u> to transfer him. ... The congressional intent here is clear: determinations regarding the placement scheme-including where a prisoner is held, and when transfer is appropriate-must take into consideration individualized circumstances. ...
>
> ...
>
> In short, we conclude that the § 3621(b) factors apply to BOP determinations regarding whether or not initial placements or transfers are appropriate. We thus do not find that the factors are limited by the temporal references in § 3624.

432 F.3d at 247, 249-50.

Thus, Harris is entitled to an individualized determination as to his pre-release placement based upon the factors identified in § 3621(b). However, as noted by the Court of Appeals, the fact that the BOP <u>may</u> assign a prisoner to a CCC does not mean that it <u>must</u>. Accordingly, the proper remedy here is an Order vacating this Court's Opinion and Order of October 6, 2005, which is inconsistent with <u>Woodall</u>, and granting the writ to the extent of requiring the respondents to reconsider, in good faith, where

and when Harris should be assigned to a CCC for transitional placement.

### III. CONCLUSION

For the reasons set forth above, the Court will liberally construe Harris' motion to amend as a motion for reconsideration, and will grant the motion and re-open the case. Furthermore, the Court will vacate its Opinion and Order of October 6, 2005, as it is contrary to the Third Circuit's precedential opinion in Woodall. Finally, the writ will be granted in part. An appropriate order follows.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated:   February 16, 2006